UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Eric Timmons,

    Plaintiff,

v.

Adecco USA, Inc., d/b/a Adecco Staffing,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Eric Timmons, by and through the undersigned counsel, hereby sues Defendant, Adecco USA, Inc., on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff Eric Timmons under 42 U.S.C. §1981 (Civil Rights Act of 1866) to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race and Color (Black).

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Duval County, within the jurisdiction of this Honorable Court.

Parties

6. Plaintiff Eric Timmons is a resident of Duval County, who was employed by Defendant Adecco USA, Inc., and is a member of certain protected classes of persons because of his Race and Color (Black).

7. Corporate Defendant Adecco USA, Inc. (hereinafter Adecco, or "Defendant") is a Florida Foreign Profit Corporation performing business in Duval County, Florida, and within the jurisdiction of this Honorable Court.

8. At all times relevant to this complaint, Plaintiff Eric Timmons was employed by Adecco, and the parties had a contractual relationship with each other.

## Statement of Facts

9. Plaintiff Eric Timmons is a Black male who is a member of a racial minority by virtue of his race and color. He is a resident of Duval County who was employed by Defendant Adecco. The Plaintiff is a member of certain protected classes of persons because of his Race and Color (Black).

10. Defendant Adecco is a business that provides staffing services to employers and employees on a global scale.

11. Defendant Adecco employed Plaintiff Eric Timmons as a weekend morning shift lead from approximately June 1st, 2021. Mr. Timmons continues to be employed by the Defendant, however, Defendant continues to retaliate against Plaintiff and is currently engaging in a relentless campaign to get Plaintiff Eric Timmons fired.

12. Plaintiff is an hourly employee, earning approximately $20.50 per hour.

13. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

14. However, during the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as being subjected to different terms and conditions of employment because of his race and color, and was further subjected to retaliation as a direct result for having engaged in statutorily protected activity.

15. While employed by Defendant, Plaintiff suffered discriminatory, disrespectful, and abusive treatment at the hands of Adecco Management. Specifically, managers Tyler Huffman and his wife Dayla Huffman – both white – discriminated against Plaintiff and other black employees. Most recently, Plaintiff is suffering discrimination and retaliation by Manager Brent Brassfield, who is also white.

16. Adecco management intentionally discriminated against Plaintiff based on his Race and Color.

17. Adecco management gave preferential treatment in every aspect of employment to employees of the white race.

18. Plaintiff Eric Timmons was also not paid correctly on account of his race and color.

19. Adecco management also engaged in unlawful sexual harassment of female employees.

20. On or about November 2021, Adecco management began to unlawfully terminate all female employees of the black race.

21. Plaintiff Eric Timmons engaged in statutorily protected activity by complaining to Adecco management about race discrimination and harassment.

22. Rather than to take immediate action to address Mr. Timmons' complaints, Defendant instead retaliated and harassed Plaintiff.

23. In direct retaliation for Plaintiff's complaints of race discrimination and harassment, Adecco manager Tyler Huffman confronted Plaintiff Eric Timmons and became openly hostile and aggressive with Mr. Timmons. Adecco manager Tyler Huffman attempted to become physically aggressive with Plaintiff Timmons, and because of his unlawful behavior, Adecco manager Tyler Huffman was terminated by Adecco's client – COACH.

24. Notwithstanding, Defendant Adecco did not take any immediate remedial action with regards to manager Tyler Huffman, did not discipline manager Tyler Huffman, and did not terminate his employment. Instead, Defendant retaliated further against Plaintiff Eric Timmons.

25. On or about January 2023, Plaintiff Eric Timmons engaged in protected activity by complaining again about race discrimination, harassment and retaliation to the Adecco HUB and Human Resources.

26. Notwithstanding, Defendant has failed to take any remedial actions and instead has condoned the unlawful employment practices of its management staff.  Furthermore, Defendant's management has taken adverse employment action against Plaintiff in retaliation for his complaints.

27. Defendant Adecco has cut Plaintiff's hours, has sent Plaintiff home early, has harassed Plaintiff, and is currently engaged in a campaign to get Plaintiff fired for pretextual reasons in retaliation for his complaints.

28. Plaintiff Eric Timmons' civil rights have been violated, and continue to be violated.  Adverse employment action is ongoing at this time. The adverse employment action is directly and proximately caused by Defendant's unjustified discrimination, harassment and retaliation because of Plaintiff's Race and Color, and because Plaintiff engaged in statutorily protected activity. Defendant retaliated against Plaintiff because he complained about Race and Color Discrimination at the

workplace. Defendant's conduct is in violation of both Federal and State Laws.

29. Defendant Adecco is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR

30. Plaintiff Eric Timmons re-adopts every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. This is an action against Defendant Adecco for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

32. At all times material hereto, Defendant Adecco was an "employer" within the meaning of Section 42 U.S.C. §1981.

33. At all times material hereto, Plaintiff Eric Timmons was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

34. Plaintiff Eric Timmons had at all times material, and continues to have, a federally protected constitutional right to make and enforce

contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at Adecco.

35. Defendant has intentionally engaged in unlawful employment practices, discrimination, and retaliation in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Race and Color.

36. Defendant's discrimination of Plaintiff concerned one or more of the activities enumerated in the statute.

37. Defendant subjected Plaintiff Eric Timmons to different adverse employment actions, including but not limited to the following acts and omissions: harassment, reduction of hours, reduction of work-days, and retaliation.

38. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Race and Color.

39. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating him

differently from similarly situated employees and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future monetary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

41. The actions of Defendant Adecco and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Adecco for its actions and to deter it, and others, from such actions in the future.

42. Plaintiff Eric Timmons has retained the undersigned counsel to prosecute his claims, and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Eric Timmons respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Eric Timmons and against Defendant Adecco based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff Eric Timmons demands trial by a jury of all issues triable as of right by a jury.

## COUNT II: RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981

43. Plaintiff Eric Timmons re-adopts every factual allegation stated in paragraphs 1-41 of this complaint as if set out in full herein.

44. Plaintiff Eric Timmons and Defendant Adecco had a contractual relationship.

45. Defendant Adecco precluded Plaintiff from performing the stated contractual relationship when Defendant discriminated and retaliated against Plaintiff.

46. Plaintiff engaged in statutorily protected activity by complaining against unlawful discrimination and harassment on account of his race and color.

47. Defendant engaged in protected activity by complaining on January 2023 to Adecco HUB and Human Resources about racial discrimination, harassment and retaliation.

48. As a direct result of Plaintiff's complaints, Plaintiff has suffered adverse employment action by way of reduction of hours, reduction of work days, harassment and retaliation.  Defendant is currently engaged in an unlawful campaign to have Plaintiff fired for pretextual reasons and the unlawful employment actions are ongoing.

49. The reason for the adverse employment action taken against Plaintiff is his complaints about unlawful discrimination, harassment and retaliation.

50. Defendant intentionally affected Plaintiff's contractual relationship in

retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

51. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

52. The actions of Defendant Adecco and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Adecco for its actions and to deter it, and others, from such actions in the future.

53. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Eric Timmons respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Eric Timmons and against Defendant Adecco based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

<u>Demand for a Jury Trial</u>

Plaintiff Eric Timmons demands trial by a jury of all issues triable as of right by a jury.

Date: February 28, 2023.

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:    (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*